IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DAVID A. OLSON,<br><br>  Plaintiff,<br><br>vs.<br><br>MISSOULA FIELD OFFICE, WESTERN MONTANA DISTRICT, MONTANA/DAKOTAS, BUREAU OF LAND MANAGEMENT, UNITED STATES DEPARTMENT OF THE INTERIOR; NORTHERN REGION, UNITED STATES DEPARTMENT OF AGRICULTURE, UNITED STATES FOREST SERVICE; and KRISTEN BAKER-DICKINSON, CLEARWATER UNIT, SOUTHWESTERN LAND OFFICE, DEPARTMENT OF NATURAL RESOURCES AND CONSERVATION, STATE OF MONTANA,<br><br>  Defendants. | CV 23–38–M–DLC<br><br><br>ORDER |

United States Magistrate Judge Kathleen L. DeSoto issued her Findings and Recommendation in this case on October 24, 2023, recommending that the Court grant Defendant Kristin Baker-Dickinson's Motion to Dismiss (Doc. 10), grant Defendants Bureau of Land Management and United States Forest Service's ("Federal Defendants") Motion to Dismiss (Doc. 19), and deny Plaintiff David A.

-1-

Olson's Motion for Leave to Amend (Doc. 13).  (Doc. 30 at 27.)  Finding no clear error in Judge DeSoto's Findings and Recommendation, the Court adopts them in full.

Because neither party objected, they are not entitled to *de novo* review.  28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Therefore, the Court reviews the Findings and Recommendation for clear error.  *McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).  Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed."  *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Plaintiff brings this action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging constitutional, statutory, and regulatory violations arising out of the demolition of a bridge located on public land managed by the Bureau of Land Management ("BLM"), adjacent to Plaintiff's private property.  (Docs. 1, 20-1, 20-2.)  The Court relies on Judge DeSoto's accurate and thorough discussion of this matter's factual and procedural background in her Findings and Recommendation.  (*See* Doc. 30 at 2–7.)  Plaintiff is proceeding pro se, and in all instances Judge DeSoto liberally construed his filings to afford Plaintiff the benefit of any doubt.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  Judge DeSoto also applied

the correct legal standard for ruling on motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See* Doc. 30 at 7–9.)

I.   **Defendant Baker-Dickinson's Motion to Dismiss**

Judge DeSoto recommends granting Defendant Baker-Dickinson's Motion to Dismiss (Doc. 10) for failure to state a claim for which relief may be granted under § 1983. (Doc. 30 at 18.) Plaintiff names Baker-Dickinson in her official capacity only, and state officials sued in their official capacity for damages are not persons subject to liability under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). Nor does the exception to sovereign immunity for prospective declaratory or injunctive relief for continuing violations of federal law apply here because Plaintiff is seeking retrospective declaratory relief that Baker-Dickinson violated federal law in the past. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145 (1993) (explaining that only "suits seeking prospective, but not compensatory or other retrospective relief, may be brought against state officials in federal court challenging the constitutionality of official conduct enforcing state law").

Judge DeSoto went further and addressed whether Plaintiff *could* have a claim against Baker-Dickinson if named individually; ultimately, concluding that he would not. (Doc. 30 at 11.) As explained by Judge DeSoto, Plaintiff has no

-3-

actionable claim against Baker-Dickinson because his claims rely on statements found in the Declaration of Independence and the preamble to the United States Constitution, which do not provide a basis for actional claims under § 1983. (*Id.* at 12–13 (collecting cases)). Plaintiff also fails to allege facts showing that Baker-Dickinson personally participated in any alleged constitution violations. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation.")

Judge DeSoto then concluded that, even liberally construing Plaintiff's complaint as alleging Baker-Dickinson was part of a conspiracy to violate his rights, Plaintiff fails to state a claim. (Doc. 30 at 16–17.) Plaintiff's conclusory allegations fail to demonstrate that Baker-Dickinson was "complicit" in a conspiracy to violate his rights. *See Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) ("To prove a conspiracy . . . under § 1983, [a plaintiff] must show an agreement or meeting of the minds to violate constitutional rights." (internal quotation marks omitted)); *Woodrum v. Woodward Cnty., Okla.*, 866 F.2d 1121, 1126 (9th Cir. 1989) (explaining that conclusory allegations unsupported by material fact are insufficient to state a claim under § 1983).

Finally, Judge DeSoto addressed Plaintiff's claims that Baker-Dickinson violated his rights under state law and determined that these claims fair no better.

(Doc. 30 at 17–18.) Violations of state law are not actionable under § 1983. *See, e.g., Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981) ("Only federal rights, privileges, or immunities are protected by [§ 1983]. Violations of state law alone are insufficient.")

Defendant Baker-Dickinson did not address whether the claims against her should be dismissed with or without prejudice and Judge DeSoto did not reach this issue. The default under Rule 12(b)(6) is to dismiss claims without prejudice; therefore, the Court will dismiss Plaintiff's claims against Defendant Baker-Dickinson without prejudice. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003) (explaining that dismissal under Rule 12(b0(6) "should ordinarily be without prejudice").

## II. Federal Defendants' Motion to Dismiss

Judge DeSoto also recommends granting Federal Defendants' Motion to Dismiss (Doc. 19) for failure to state a claim for which relief may be granted under *Bivens*. (Doc. 30 at 25.) First, *Bivens* claims cannot be maintained against federal agencies. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (holding that federal agencies are immune from *Bivens* actions alleging a violation of constitutional rights). Second, even if Plaintiff were granted leave to amend his Complaint to add individual federal officials, his claims do not fall within the categories of claims previously recognized as cognizable under *Bivens*. *See Bivens*, 403 U.S. at

396–97 (unreasonable search and seizure in violation of the Fourth Amendment); *Davis v. Passman*, 442 U.S. 228, 248–49 (1979) (gender discrimination by a member of Congress in violation of the Fifth Amendment); *Carlson v. Green*, 446 U.S. 14, 19 (1980) (deliberate indifference to a prisoner's medical needs by federal officers in violation of the Eighth Amendment). Nor is there any basis for recognizing a new implied cause of action under *Bivens* in this case. *Ioane v. Hodges*, 939 F.3d 945, 951 (9th Cir. 2019) (explaining the limited circumstances wherein a court may extend *Bivens* and explaining that expanding *Bivens* is disfavored).

Judge DeSoto concluded that Plaintiff's claims against Federal Defendants under the Montana constitution also fail. (Doc. 30 at 22.) Indeed, the United States has not waived its sovereign immunity against state constitutional claims. *See, e.g.*, *Paulson v. City of San Diego*, 475 F.3d 1047, 1048 (9th Cir. 2007). Finally, Judge DeSoto found that Plaintiff's "allegations of unspecified statutory and regulatory violations fail to state a claim for relief." (Doc. 30 at 22.) Not only does Plaintiff fail to identify any specific statutes or regulations, but he also concedes that his claims are moot to the extent that they are based on regulatory violations related to stream protections. (Doc. 21 at 6.) To the extent Plaintiff identifies specific regulations in his sur-reply (Doc. 23), he fails to put forth more than conclusory allegations.

Judge DeSoto then concluded that dismissal with prejudice is appropriate for Plaintiff's federal and state constitutional claims against Federal Defendants because no amendment could possibly cure the deficiency. (Doc. 30 at 25.) The undersigned concurs that any amendment would be futile, and therefore these claims are properly dismissed with prejudice. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (explaining that dismissal with prejudice is appropriate when "it is clear . . . that the complaint could not be saved by amendment"). The remainder of Plaintiff's claims against Federal Defendants will be dismissed without prejudice.

### III. Plaintiff's Motion for Leave to Amend

Plaintiff moves to amend his Complaint to identify the Montana Department of Natural Resources and Conservation ("DNRC") as a defendant in lieu of Baker-Dickinson. (Doc. 13.) Judge DeSoto recommended denying the motion because the amendment would be futile. (Doc. 30 at 18.) DNRC is immune from suit under § 1983 because DNRC, as a state agency of the State of Montana, is not a "person" under § 1983. *See Will*, 491 U.S. at 70–71.

In conclusion, the Court finds no clear error in Judge DeSoto's Findings and Recommendation.

Accordingly, IT IS ORDERED:

1. Judge DeSoto's Findings and Recommendation (Doc. 30) are ADOPTED IN FULL;

2. Defendant Baker-Dickinson's Motion to Dismiss (Doc. 10) is GRANTED.  Plaintiff's claims against Defendant Baker-Dickinson are DISMISSED without prejudice;

3. Federal Defendants' Motion to Dismiss (Doc. 19) is GRANTED. Plaintiff's claims against Federal Defendants for federal and state constitutional violations under *Bivens* are DISMISSED with prejudice. Plaintiff's remaining claims against Federal Defendants are DISMISSED without prejudice;

4. Plaintiff's Motion for Leave to Amend (Doc. 13) is DENIED;

5. The Clerk of Court shall enter judgment of dismissal by separate document.

DATED this 20th day of November, 2023.

_____
Dana L. Christensen, District Judge
United States District Court